NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KALPANA SINHA, | : : : | |
| Plaintiff, | : : : | Civil Action No. 10-2239 (SRC) |
| v. | : : : | OPINION |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | : : : : | |
| Defendant. | : : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the petition to correct a Certificate of Naturalization by Petitioner Kalpana Sinha ("Sinha"). On December 18, 1984, this Court issued a Certificate of Naturalization to Sinha which stated a date of birth of January 18, 1953. Sinha now contends that this date is incorrect and that her true date of birth is January 13, 1950, and she asks this Court to correct the Certificate. The U.S. Citizenship and Immigration Services ("USCIS") has not formally opposed Sinha's request, but has submitted a statement, supported by documentation, that raises questions about alleged discrepancies in the evidentiary record. This Court gave Petitioner the opportunity to submit a response to USCIS's submission, but Petitioner did not submit one.

This Court has jurisdiction to correct the Certificate of Naturalization because the Certificate was issued prior to 1990, when the Immigration and Naturalization Act of 1990 reassigned this authority to the Attorney General. See Shrewsbury v. INS, 1996 U.S. App. LEXIS 3583 (9th Cir. Feb. 12, 1996) (stating the relevant statutory history.) This Court has

jurisdiction to amend the Certificate pursuant to the pre-1990 statute, 8 U.S.C. § 1451(i) (1990).

Sinha offers the following explanation for the alleged error in her Certificate: at the time that she applied for both an immigrant visa and for naturalization, the United States did not accept religious birth certificates as proof of date of birth. Sinha used instead a school certificate which contained an incorrect date of birth. Sinha states that school certificates in India were commonly issued with false birth dates: "During Petitioner's school years, most schools in India intentionally entered later birth dates on the School Certificates to help scholars obtain employment post-graduation." (Pet.'s Br. Ex. C.)

In support of her Petition, Sinha has submitted a document which she states is her "Religious Birth Certificate," with a translation. (Pet.'s Br. Ex. C.) The translation states a date of birth of January 13, 1950. (Id.)

In response, USCIS raises questions about Sinha's explanation. First, USCIS offers a copy of Sinha's application for her immigrant visa, dated January 27, 1978, which states that the following documents were submitted in support of the application: birth certificate, police certificate, marriage certificate, affidavit of support, medical records, and photographs. (Zanotti Dec. Ex. A.) USCIS observes that the application makes no reference to any school certificate. Second, USCIS observes that Exhibit G in support of Petitioner's motion is a school certificate, and that the translation Petitioner has submitted states that this certificate states: "Date of birth as per registration book January 13th 1950."

USCIS notes other problems in Petitioner's case, but what has been related is sufficient to convince the Court that Petitioner's case is unpersuasive. The reasons for this are several. First, Petitioner's assertion that schools in India routinely put later birth dates on school certificates to

help graduates become employed makes no sense.  Petitioner asks this Court to believe that graduates would be more likely to obtain employment if they claimed to be younger than they are.  This is implausible, since, for very young adults, being perceived as even younger is likely to be associated with inexperience and immaturity.  It would make slightly more sense if the schools falsified certificates to make graduates seem older, but the contention that Petitioner's school thought it wise to make Petitioner appear to be three years younger to gain employment does not seem credible.

Second, as USCIS has shown, Petitioner's claim that the Certificate of Naturalization has an incorrect birth date because the Court relied on an incorrect school certificate has two substantial problems.  First, although Petitioner contends that she submitted a school certificate with her immigrant visa application, the record does not confirm this.  Second, and more importantly, Petitioner has submitted a school certificate which states that her date of birth is January 13, 1950.  This is inconsistent with Petitioner's claim that Indian schools commonly falsified school certificates to show later dates of birth, since this school certificate was issued with what Petitioner now contends is her correct date of birth.

Based on the record before this Court, this Court does not find Petitioner credible, and this Court rejects her claim that her Certificate of Naturalization states an incorrect date of birth.  Petitioner's request for correction of her Certificate of Naturalization is denied.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: June 14, 2011